**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-00512-RJC-DSC**

| | |
|---|---|
| **KELLY CRUISE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| | ) |
| **SMITH & NEPHEW INC.,** | ) |
| | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## I. <u>MEMORANDUM AND RECOMMENDATION</u>

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss Plaintiff's Amended Complaint and Memorandum of Law in Support."

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss Plaintiff's breach of warranty claims <u>be granted</u> and its Motion to Dismiss Plaintiff's negligence claim <u>be denied</u> as discussed below.

## II. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Plaintiff Kelly Cruise brought this action for breach of express and implied warranties as well as negligence against Smith and Nephew Inc., the manufacturer of a drill that was used in her February 5, 2020 surgery. During a left hip arthroscopic labral repair and femoroplasty, Plaintiff's

surgeon used a drill manufactured by Defendant to create a suture anchor. (Complaint para. 11). The drill bit broke off, remaining in Plaintiff's ilium. (Complaint para. 12). Plaintiff now alleges a permanent injury. (Complaint para. 15).

Plaintiff sued Smith & Nephew in state court alleging breach of warranty and negligence claims. Defendant removed the action to this Court. Defendant moves to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) and Local Civil Rule 7.1, arguing that her warranty claims fail as a matter of law for lack of privity and her negligence claim does not meet the minimum pleading standard set forth in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Iqbal v. Ashcroft*, 556 U.S. 662 (2009).

## III. <u>STANDARD OF REVIEW</u>

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <u>Id.</u> at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. <u>Id.</u> at

679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- that the pleader is entitled to relief," and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark [] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

'show[n]'—that the pleader is entitled to relief," and therefore should be dismissed.  Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

## IV. DISCUSSION

### A.     Warranty Claims

Defendant argues that Plaintiff's claims for breach of express warranty and breach of the implied warranty of merchantability fail for lack of contractual privity. Generally, a plaintiff must have contractual privity with a defendant to sue them for breach of warranty. North Carolina's codification of the U.C.C. carves out limited exceptions to this requirement. Specifically, it extends a seller's warranty to "any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume, or be affected by the goods and who is injured in person by breach of the warranty." N.C.G.S. § 25-2-318. North Carolina's Products Liability Act provides for further exceptions to the privity requirement by removing the requirement for buyers. N.C.G.S. § 99B-2. For plaintiffs who are not the buyer, privity is still required. Id.

North Carolina case law supports another exception to the privity requirement when a manufacturer intends its warranties to be conveyed to a buyer through the seller. See Kinlaw v. Long Mfg. N.C., Inc., 259 S.E.2d 552, 556 (N.C. 1979) ("[A] manufacturer can extend a warranty beyond the bounds of privity if he makes representations designed to induce a purchase and directed to the ultimate purchaser.").

At least two courts within the Fourth Circuit have relied on this reasoning to hold that plaintiffs who have medical devices implanted may bring breach of warranty claims against the manufacturers of those devices because their doctors, acting akin to sellers, conveyed the manufacturer's warranties to them. See, e.g., Resendez v. C. R. Bard, Inc., No. 5:19-cv-299-BO, 2020 WL 1916690 (E.D.N.C. Apr. 19, 2020); Justus v. Ethicon, Inc., No. 2:12-cv-00956, 2016 WL 7404712 (S.D.W.V. Dec. 21, 2016) (analyzed under North Carolina law).

Applying the law to the facts at hand, Plaintiff's warranty claims should be dismissed. She was not the buyer of the drill and none of the statutory exceptions apply. Not having bought the drill, she is not "in the family or household of his buyer or . . . a guest in his home" as required by N.C.G.S. § 25-2-318. The exception provided for by North Carolina's Products Liability Act likewise does not apply because Plaintiff did not buy the drill. See N.C.G.S. § 99B-2.

While Plaintiff specifically relies on medical device cases to argue that her reliance on her doctor's judgment should constitute grounds to waive the privity requirement, these cases are distinguishable. They involve breach of express warranty claims involving devices that were implanted in patients, whereas the drill at issue was not meant to be implanted. For instance, in Resendez v. C. R. Bard, Inc., the plaintiff was injured by the Bard Ajust. Resendez v. C. R. Bard, Inc., No. 5:19-cv-299-BO, 2020 WL 1916690 (E.D.N.C. Apr. 19, 2020). This device, a polypropylene pelvic mesh product, was implanted in the plaintiff. Id. at *1. In considering a

motion to dismiss the plaintiff's breach of warranty claim, the Eastern District of North Carolina court held that it was "not barred for lack of privity under North Carolina law because plaintiff plausibly alleged that she relied on her surgeon's medical judgment, which was formed by [the defendant manufacturer's] express warranties." Id. at *5. The court noted that the plaintiff "sufficiently alleged that the defendants made misrepresentations to the medical community and to her implanting surgeon, and that these misrepresentations were the proximate cause of her injuries." Id. at *1; see also Justus v. Ethicon, Inc., No. 2:12-cv-00956, 2016 WL 7404712, at *5 (S.D.W.V. Dec. 21, 2016) (holding that under North Carolina law, plaintiff's breach of warranty claim against the manufacturer of transvaginal surgical mesh she had implanted could survive because "[e]ven if [plaintiff] relied only on [her doctor's] medical judgment in deciding to have the [device] implanted, a reasonable juror could find that [plaintiff] relied on the express warranties of [defendant manufacturer] as they were provided to [the doctor], which formed the basis for [the doctor's] medical judgment.").

Here, Plaintiff alleges that she relied on her doctor's medical judgment in deciding to undergo the surgery (Complaint para. 35), whereas the plaintiffs in Resendez and Justus relied on their doctors' judgment in deciding to have the devices implanted.

Because there is no contractual privity between Plaintiff and Defendant and no exceptions to the privity requirement apply, she is unable to bring breach of warranty claims against Defendant. Defendant's Motion to Dismiss Plaintiff's breach of warranty claims should be granted.

### B. Negligence Claim

Defendant argues that Plaintiff's negligence claim does not meet the minimum pleading standard established by Twombly and Iqbal. Plaintiff's Amended Complaint states a plausible

claim at this stage. She alleges that she was injured by the drill bit, which malfunctioned and broke off under normal use during her surgery.

Defendant argues that Plaintiff's negligence claim fails for three reasons. First, Defendant states that Plaintiff did not identify the specific product that allegedly caused her injuries, including sufficient information as to whether Defendant even manufactured the drill or drill bit. Second, Defendant argues that Plaintiff did not allege that it breached any specific duty of care to her regarding the drill or drill bit, with plausible facts in support. Third, Defendant contends that Plaintiff did not identify the specific defect she is complaining about.

Relying on a case that arose in the context of a motion for summary judgment, Defendant argues that Plaintiff made impermissible inferences to establish the elements of her claim. See Carlton v. Goodyear Tire and Rubber Co., 412 F. Supp. 2d 583 (M.D.N.C. 2005). But that determination—and the specific defects Defendant alleges—should be addressed following discovery, as it was in Carlton.

Viewing the Complaint in the light most favorable to Plaintiff, it is sufficient under Twombly and Iqbal. Defendant's Motion to Dismiss should be denied as to Plaintiff's negligence claim.

## V. **RECOMMENDATION**

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendant's Motion to Dismiss Plaintiff's breach of warranty claims be GRANTED and Defendant's Motion to Dismiss Plaintiff's negligence claim be DENIED.

## VI. **NOTICE OF APPEAL RIGHTS**

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this

Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED.**

Signed: April 18, 2022

David S. Cayer
United States Magistrate Judge